**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                       **4:15-CR-00181-02-BRW**

**DEVELLE ANDRE WHITLEY**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 96) is DENIED.

**I.    BACKGROUND**

On July 21, 2017, Defendant pled guilty to distribution of 50 to 150 grams of methamphetamine.[1] In October 2017, he was sentenced to 70 months in prison.[2]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] On April 21, 2020, Defendant requested compassionate release from the warden and that request

---

[1] Doc. Nos. 75, 76.

[2] Doc. Nos. 84, 85.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

was rejected.  However, Defendant provides no documents showing that he appealed the decision.

Even if I had jurisdiction, the request would be denied. Defendant asserts that he is at a higher risk of contracting COVID-19 and suffering serious illness or death because he has epilepsy, asthma, migraines, high blood pressure, and has only one lung.[5]  First, these health issues are not severe enough to be "extraordinary and compelling" and appear to be controlled with medication.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[6]  None of these health issues are listed.  Furthermore, Defendant's asthma and missing lung have not prevented him from smoking "8 to 10 marijuana blunts" a day until he was arrested for the instant offense.[7]  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[8]  Third, Defendant is 34 years old and has served just under 50% of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5] Doc. No. 96.

[6] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[7] See Defendant's Presentence Report.

[8] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 19, Defendant has four convictions, which include possession of cocaine and forgery. Also relevant is the conduct for the instant offense. On four different occasions, Defendant sold a confidential information methamphetamine, with purchase prices ranging from $1,100 to $4,000.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 96) is DENIED.

IT IS SO ORDERED, this 30th day of June, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
